UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY RUCKER,

                          Plaintiff,                Case # 18-CV-6575-FPG

v.

                                                   DECISION AND ORDER

DR. FLETCHER, et al.,

                        Defendants.

## INTRODUCTION

*Pro se* Plaintiff Anthony Rucker, a prisoner incarcerated at Greene Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983 alleging that Defendants denied him adequate medical treatment during his pretrial confinement at the Monroe County Jail. Plaintiff filed his original Complaint on August 10, 2018, ECF No. 1, and filed the operative Amended Complaint on February 6, 2019, ECF No. 13.

The Court screened both complaints pursuant to 28 U.S.C. §§ 1915(e) and 1915A. ECF Nos. 6, 14. The Court dismissed several jail deputies as defendants but allowed the complaint to proceed to service against the jail's medical staff. However, the Court noted that there might be an issue as to whether Plaintiff had exhausted his administrative remedies. ECF No. 15 at 5 n.1.

On November 26, 2019, Defendants filed a motion to dismiss the Amended Complaint. ECF No. 40. They argued both that Plaintiff failed to state a claim against them for deliberate indifference to Plaintiff's medical needs and that Plaintiff failed to exhaust his administrative remedies. Because the Court agrees that Plaintiff failed to exhaust his administrative remedies, it dismisses the Amended Complaint without reaching the question of whether Plaintiff adequately stated a deliberate indifference claim against Defendants.

1

## DISCUSSION

Plaintiff alleges that Defendants denied him appropriate medical care in June of 2017, but he did not file a grievance about this issue until July 23, 2018. *See* ECF No. 1-1 at 13; ECF No. 40-5 ¶ 14. The jail's Grievance Coordinator returned the grievance to Plaintiff, explaining that it was untimely and therefore would not be processed and could not be appealed.[1] ECF No. 40-5 ¶¶ 12, 14-15. Because Plaintiff failed to timely file his grievance, the Court finds that he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (holding that exhaustion is "mandatory"). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

The PLRA requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means than an inmate must comply with the prison grievance "system's critical procedural rules," *id.* at 95, including time limits. *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011). "Under New York regulations, an inmate at a local correctional facility"—such as the Monroe County Jail— "must file a grievance within five days of the date of the act or occurrence giving rise to the grievance." *Baez v. Rathbun*, No. 16-CV-6552L, 2018 U.S. Dist. LEXIS 122614, at *4 (W.D.N.Y. July 23, 2018) (citing 9 N.Y.C.R.R. § 7032.4(d)); *see also Hill*, 657 F.3d at 124 (describing New York's grievance process for county jails). "The

---

[1] Plaintiff attached his grievance and the Grievance Coordinator's response to his original complaint.

dismissal of grievances as 'untimely' constitutes failure to exhaust." *Lee v. O'Harer*, No. 9:13-CV-1022 (TJM/ATB), 2014 U.S. Dist. LEXIS 178868, at *16 n.6 (N.D.N.Y. May 28, 2014); *see also Woodford*, 548 U.S. at 87, 95 (holding that the rejection of a grievance as untimely does not constitute exhaustion).

Here, Plaintiff contends that (1) he did not know he had to file a grievance because he never received a copy of the Inmate Handbook setting forth the grievance procedures, and (2) he could not timely file a grievance because he was in the hospital for over a month after the aggrieving incident and was too weak to do so. ECF No. 1-1 at 7; ECF No. 13 at 13. Neither of these circumstances excuse his failure to timely file the grievance.

The PLRA's mandatory exhaustion requirement "contains one significant qualifier: the remedies must indeed be 'available' to the prisoner." *Ross*, 136 S. Ct. at 1856. In *Ross*, the Supreme Court identified "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief": (1) when the procedure "operates as a simple dead end," (2) when the procedure is so opaque as to be practically incapable of use, and (3) when prison administrators thwart the use of the procedure "through machination, misrepresentation, or intimidation." *Id.* at 1859-60; *accord Stewart v. Suffolk Cty. Sheriff's Office*, 792 F. App'x 136, 138 (2d Cir. 2020) (summary order). Aside from these circumstances, "the PLRA's text suggests no limits on an inmate's obligation to exhaust — irrespective of any 'special circumstances.'" *Id.* at 1856; *see also Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).

Plaintiff's circumstances here do not fall under any of *Ross*'s three circumstances, and courts have rejected them as excusing the failure to exhaust. *See, e.g.*, *Galberth v. Washington*, No. 14-CV-0691, 2017 U.S. Dist. LEXIS 120595, at *33 (S.D.N.Y. Jul, 31, 2017) (rejecting plaintiff's argument that he was unaware of grievance procedures because he had not been given

3

the handbook, where plaintiff "nowhere claim[ed] that the failure to provide him with the handbook rendered the grievance procedures described therein incapable of use; that Plaintiff sought and was unable to obtain a handbook for some reason; or that Plaintiff was deprived of the handbook purposefully, as 'through machination, misrepresentation, or intimidation'"); *Barksdale v. Annucci*, No. 9:15-CV-0560 (LEK/DJS), 2016 U.S. Dist. LEXIS 103331, at *11 (N.D.N.Y. Aug. 3, 2016) (holding that "Plaintiff's claim that he was unable to file a grievance while hospitalized" did not constitute a circumstance excusing exhaustion under *Ross* and "in no way account[ed] for his delay in filing the grievance after his release from the hospital"); *Henry v. Liberty*, No. 9:15-CV-1108 (MAD/DEP), 2016 U.S. Dist. LEXIS 94558, at *16 (N.D.N.Y. July 18, 2016) (suggesting that plaintiff's hospitalization and subsequent placement un SHU for the entirety of the grievance filing period would not excuse exhaustion under *Ross*).

The Court recognizes that "failure to exhaust is an affirmative defense under the PLRA, . . . that inmates are not required to specially plead or demonstrate exhaustion in their complaints[,]" and that a complaint may only be dismissed under Rule 12(b)(6) where the affirmative defense of failure to exhaust appears on its face. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *see also Garvin v. Rivera*, No. 13-cv-7054 (RJS), 2015 U.S. Dist. LEXIS 24616, at *11 (S.D.N.Y. Feb. 28, 2015) (denying motion to dismiss where it was clear from the face of the complaint that plaintiff had failed to exhaust, but it was not clear whether administrative remedies were available to plaintiff); *Jones v. Sposato*, No. CV 16-5121 (JFB) (GRB), 2017 U.S. Dist. LEXIS 135439, at *16 (E.D.N.Y. Aug. 22, 2017) (holding that the mere absence of allegations that remedies were not available did not enable the court to infer that remedies were, in fact, available).

In *Sposato*, the plaintiff made allegations similar to those here: he claimed that he could not timely file his grievance because he was in the hospital, but he failed to explain why he could not file a grievance once returning to prison. *Id.* at 15-16. The court therefore held that it could not determine from the face of the complaint whether grievance procedures were available to plaintiff after he returned from the hospital. *Id.*

Here, in contrast, the face of the complaint demonstrates that grievance procedures were available to Plaintiff. He attached to his complaint the grievance that he ultimately did file, albeit approximately 10 months after his hospitalization. ECF No. 1-1 at 13.

While an inmate need not allege exhaustion in his complaint, *Bock*, 549 U.S. 199 at 216, here, plaintiff affirmatively did so by explaining that he did not timely file a grievance because he did not know he had to and because he was too sick and weak. ECF No. 1-1 at 7. Plaintiff's Amended Complaint repeated the same explanation. ECF No. 13 at 13. So did his response to Defendants' motion to dismiss, which specifically raised the exhaustion issue. *See* ECF No. 25 at 2, 9, 24-27 (admitting that he did not file a grievance until a year later and explaining that he "did use his administrative remedies once he found out how, why, and when" to do so; explaining that he did not file a grievance while he was "dying" and that he was "never given the knowledge" about filing a grievance; claiming that he would have filed a grievance immediately after leaving the hospital if he had known he had to). Despite his repeated, detailed, and consistent allegations explaining why he failed to timely file a grievance, Plaintiff has not made any allegations suggesting that the grievance procedures were unavailable to him for any of the reasons set forth in *Ross*. Thus, the Court concludes that it may resolve this issue on a motion to dismiss and grants Defendants' motion.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 40) is GRANTED and Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: April 7, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court